JACK ESTES v. THE STATE.

*No. 979.  Decided November 10.*

**Transfer of Indictment from District to County Court—Plea to Jurisdiction.** Where a cause has been transferred for trial from the District to the County Court, if the transcript of transfer to the County Court fails to show a presentment of the indictment by a grand jury in the District Court, a plea to the jurisdiction or motion to dismiss upon that ground should be sustained.

APPEAL from the County Court of Shelby. Tried below before Hon. R. L. PARKER, County Judge.

Appellant was indicted in the District Court for a disturbance of religious worship. The cause was transferred for trial to the County Court. In this latter court appellant pleaded to the jurisdiction, and moved to dismiss the case upon the ground that the clerk's transcript, or certificate of transfer from the District Court, failed to show that the indictment was presented by the grand jury and entered upon the minutes of the District Court.

This plea and motion was overruled, and upon the trial defendant was convicted, his punishment being assessed at a fine of $30.

No further statement necessary.

*Hugh B. Short,* for appellant, cited: Code Crim. Proc., arts. 415, 435–437; Donaldson v. The State, 15 Texas Crim. App., 30; Pearson v. The State, 7 Texas Crim. App., 279; Walker v. The State, 7 Texas Crim. App., 54.

No brief for the State.

DAVIDSON, JUDGE.—Appellant was convicted of disturbing religious worship.

The indictment was transferred from the District to the County Court, and there the cause was tried. The transcript of transfer to the County Court fails to show a presentment of the indictment in the District Court by the grand jury. This is made the ground of dismissal in the County Court, and was overruled.

The point was properly presented, and should have been sustained. We think it unnecessary to discuss the question, but refer to the statutory provisions relating to the question and the decisions heretofore rendered. Willson's Crim. Proc., secs. 1942, 1943, 2007, 2009; Walker v. The State, 7 Texas Crim. App., 52; Brumley v. The State, 11 Texas Crim. App., 114; Donaldson v. The State, 15 Texas Crim. App., 25; Mitten v. The State, 24 Texas Crim. App., 346.

The point raised upon the alleged improper remarks of the county attorney will not be discussed, as they will hardly occur upon another trial in manner and form as stated in the bill of exceptions.

For the error indicated, the judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.